IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BYRON MCSHAN, No. M12702,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs.   ) | Case No. 13-cv-00792-MJR |
| ) | |
| **VIENNA CORRECTIONAL CENTER,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Byron McShan, an inmate in Vienna Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>  (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of

entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A and summarily dismiss this action.

Plaintiff McShan takes issue with the conditions of his confinement at Vienna Correctional Center ("Vienna"), where he has been housed since March 19, 2013. According to the complaint: McShan is being exposed to asbestos-covered pipes and mold; on the second floor, there are only two toilets for 100 inmates, no showers and no water fountain; on the third floor there are only three working toilets for 104 inmates—and the working toilets overflow; water drips from the ceiling, and there is black mold; there is no ventilation in the bathrooms; and, there are spiders and bugs in Plaintiff's cell that crawl all over him, bite him and destroy his property. All of these issues, alone and in combination, are actionable Eighth Amendment claims. *See Vance v. Rumsfeld*, 701 F.3d 193, 205-06 (7th Cir. 2012) (citing *Wilson v. Seiter,* 501 U.S. 294, 304 (1991) (holding that conditions of confinement may establish an Eighth

Amendment violation in combination, even if each would not suffice alone; this would occur when they have "a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise")). With that said, the complaint is still fatally flawed.

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. Therefore, all FTCA claims must be dismissed, with prejudice.

Vienna Correctional Center is the only named defendant. The Vienna Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a Section 1983 suit. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Therefore, Defendant Vienna Correctional Center must be dismissed from the action, with prejudice.

Absent any allegations of individual involvement, the warden of the facility would appear to be the proper defendant to answer for claims regarding the conditions of confinement. *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001). Although this defect is easily cured, there is one more impediment to this action proceeding.

> The Prison Litigation Reform Act provides:
>
> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.,* 182

F.3d 532, 534–535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). The complaint unequivocally states that Plaintiff did not even attempt to utilize administrative grievance procedures before filing this action, because "it's not the Court." Although administrative procedures are distinct from the judicial system, Section 1997e(a) must still be satisfied. Therefore, this action was prematurely filed and must be dismissed, albeit without prejudice. If and when the exhaustion requirement is satisfied, Plaintiff can file a new action.

**Pending Motions**

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the complaint was filed, thus the filing fee of $400.00 remains due and payable.[1] *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) shall be addressed by separate order.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, all Federal Tort Claim Act claims are **DISMISSED** with prejudice; Defendant **VIENNA CORRECTIONAL CENTER** is **DISMISSED** with prejudice; and this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1997e(a). Judgment shall enter accordingly and the Clerk of Court shall close this case.

IT IS SO ORDERED.

DATED: August 13, 2013

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE

---

[1] The base filing fee is $350.00, however, pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status is granted.